**John Collins by James Collins, Plaintiff in Error, v. City of Chicago and Zuttermeister Ice Company, Defendants in Error.**

**Gen. No. 19,466.    (Not to be reported in full.)**

Error to the Circuit Court of Cook county; the Hon. Harry M. Waggoner, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1913. Affirmed. Opinion filed May 19, 1914.

### Statement of the Case.

Action by John Collins, a minor, by James Collins, his next friend, against The City of Chicago and Zuttermeister Ice Company to recover for personal injuries sustained by plaintiff by being run over by an ice wagon. Plaintiff, a boy nine years of age, with three other boys got upon the rear steps of one of the ice wagons of the Zuttermeister Ice Company after it was about to move off after making a delivery of ice. This wagon was followed by another wagon of the Ice Company, and after going some distance one of the wheels of the first wagon went into a hole in the street and plaintiff fell to the pavement and was run over by the second wagon and injured. The declaration charged the City with negligence in permitting the street to be out of repair and charged the Ice Company with negligence in driving its wagons upon such a street at a high and dangerous rate of speed. At the close of all the evidence the court directed a verdict in favor of defendants. To reverse the judgment entered on the verdict, plaintiff prosecutes a writ of error.

RANKIN, HOWARD & DONNELLY, for plaintiff in error.

WILLIAM H. SEXTON and N. L. PIOTROWSKI, for defendant in error City of Chicago; DAVID R. LEVY, of counsel.

QUIN O'BRIEN and O. A. ARNSTON, for defendant in error Zuttermeister Ice Company; JOHN P. McKINLEY, of counsel.

MR. JUSTICE CLARK delivered the opinion of the court.

## Abstract of the Decision.

1.  MASTER AND SERVANT, § 846*—*when act of servant in permitting boy to ride on wagon not an act of the master*. The act of the driver for an ice company in permitting a boy to ride on the wagon is an act done by the driver while engaged in his employer's work, but not done as a means or for the purpose of performing that work, and is not deemed to be an act of his employer.

2.  NEGLIGENCE, § 16*—*duty of owner of vehicle to trespasser riding thereon*. Where a person injured while riding on a wagon is a trespasser, the owner of the vehicle owes no duty to him other than to not injure him wantonly or wilfully.

3.  MASTER AND SERVANT, § 867*—*sufficiency of evidence*. Where a boy riding on an ice wagon fell off when a wheel went into a hole in the street and another wagon of the Ice Company ran over him, *held* in an action against the Ice Company for the injuries that the evidence was insufficient to show that the driver of the first wagon knew he was on the wagon or that the driver of the second wagon was negligent.

4.  MUNICIPAL CORPORATIONS, § 968*—*when defective condition of street not proximate cause of injury*. Where a boy while riding on the rear end of a wagon fell off when a wheel went into a hole in the street and was run over by another wagon and injured, *held* that the defective condition of the street was not the proximate cause of the accident so as to render the City liable, it appearing that the driver of the wagon might easily have avoided the hole, and that the boy was "stealing a ride" on the wagon.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.